# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | § § § |
| Plaintiff, | § CIVIL ACTION NO. |
| v. | § _____ |
| | § |
| MARY ANN HARRIS and JASMINE DEPEW. | § § |
| | § |
| Defendants. | § |

## PLAINTIFF AMERICAN GENERAL LIFE INSURANCE COMPANY'S COMPLAINT IN INTERPLEADER

Plaintiff American General Life Insurance Company respectfully submits its Complaint in Interpleader against Defendants Mary Ann Harris and Jasmine Depew as follows:

### I. PARTIES

1. Plaintiff American General Life Insurance Company ("American General") is a corporation organized under the laws of Texas, and its principal place of business is located in Houston, Texas. American General is an insurance company authorized to transact the business of insurance in Michigan. American General is a citizen of Texas within the meaning and intent of 28 U.S.C. § 1332.

2. Upon information and belief, Mary Ann Harris ("Harris") is an individual domiciled in Shiawassee County, Michigan. Harris may be served with

process at 902 West Main Street, Apartment A, Owosso, Michigan 48867, or wherever she may be found. Harris is a citizen of Michigan within the meaning of 28 U.S.C. § 1332.

3. Upon information and belief, Jasmine Depew[1] ("Depew") is an individual domiciled in Shiawassee County, Michigan. Depew may be served with process at 1190 Cook Road, Owosso, Michigan 48867, or wherever she may be found. Depew is a citizen of Michigan within the meaning of 28 U.S.C. § 1332

## II. JURISDICTION AND VENUE

4. This is an interpleader action arising under Rule 22 of the Federal Rules of Civil Procedure involving adverse claims to the payments due under a structured settlement annuity. This Court has jurisdiction under 28 U.S.C. § 1332(a)(2) because there is diversity among the parties in that American General and Defendants are citizens of different states (as alleged above), and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and both Defendants reside in this District and are subject to this Court's personal jurisdiction. 28 U.S.C. § 1391(b)(2)-(3).

---

[1] Upon information and belief, Jasmine Depew was formerly known as Jasmine Porritt.

## III. CAUSE OF ACTION IN INTERPLEADER

6.      Effective June 29, 2005, American General issued annuity No. 419601 (the "Annuity") in accordance with a Release and Agreement (the "Settlement Agreement") entered in compromise of certain claims arising from Case No. 99-004792-CI; styled *Carl D. Porritt vs. General Motors Corporation*; in the Circuit Court of Pinellas County, Florida. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1. American General was not a party to the Settlement Agreement.

7.      Pursuant to the terms of the Settlement Agreement, the defendant's insurer made a "qualified assignment," within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, to American General Annuity Service Corporation ("AGASC") of its obligation to make certain periodic payments due in the future to Carl Porritt. *See* Uniform Qualified Assignment and Release, Exhibit 2. To fund its obligation to make certain payments under the Agreement, AGASC purchased the Annuity from American General naming Carl Porritt the annuitant and measuring life (the "Annuitant"). *See* Annuity, Exhibit 3 at 3.

8.      In accordance with the Settlement Agreement, the Annuity directs certain guaranteed payments to be made to the Annuitant, as follows:

- annual payments of $25,000.00, commencing December 18, 2005 through and including December 18, 2024.

(the "Annuity Payments"). *See id.*

3

9. At the time the Annuity was issued, Harris was the designated beneficiary of the Annuity. *See id.*, Application.

10. On August 24, 2010, the Annuitant and Harris were divorced pursuant to the Judgment of Divorce entered in File No. 10-0624-DO, before the Circuit Court of Shiawassee County, Michigan. *See* Judgment of Divorce, Exhibit 4. The divorce decree did not address the Annuity and was silent as to the effect of the divorce on any beneficiary designations by the Annuitant or Harris for the other.

11. Under Michigan Law, if a judgment of divorce does not determine the wife's rights in and to a policy of life insurance, endowment, or annuity, "the policy shall be payable to the estate of the husband[.]" Mich. Comp. Laws § 552.101(1). Thus, pursuant to section 552.101, Harris's beneficiary designation was revoked upon her divorce from the Annuitant.

12. The Annuitant died on or around October 4, 2018. At the time of the Annuitant's death, Harris was the designated beneficiary of the Annuity.

13. An estate was opened for the Annuitant in the Shiawassee County Probate Court, case number 2018-18038309-DA; styled *Porritt, Carl David*. Upon information and belief, the Annuitant's sole heir was Depew.

14. After the Annuitant's death, Harris made a death claim as the designated beneficiary of the Annuity. Harris did not inform American General of her divorce from the Annuitant and American General had no knowledge of the

4

divorce at the time the death claim was processed.

15. Pursuant to the beneficiary designation, American General named Harris as the annuitant and tendered the December 18, 2018 and December 18, 2019 payments to Harris when they became due.

16. On or about September 1, 2020, American General learned of the divorce between Harris and the Annuitant. American General placed all future Annuity Payments on hold beginning with the December 18, 2020 payment.

17. American General advised Harris of the Payments hold. Harris, in response, alleged that the Annuitant's family wanted her to have the Annuity Payments and maintained that she is the rightful beneficiary of the Annuity.

18. Pursuant to MCL 552.101 and as the Annuitant's sole heir, Depew has a legal interest in the Annuity Payments. However, repeated attempts to reach Depew by American General have been unsuccessful.

19. There is presently an actual, justifiable controversy between Harris and Depew (the "Claimants") as to who is entitled to the remaining Annuity Payments. American General is an innocent stakeholder that neither has, nor claims, any interest in the Annuity Payments. American General respectfully requests that the Court order American General to pay the Annuity Payments into the Court's Registry, which American General unconditionally tenders. Alternatively, American General requests that the Court determine the appropriate payee and direct where

and to whom the Annuity Payments should be delivered by subsequent order.

20. Unless these rival claims to the Annuity Payments are resolved in a single proceeding pursuant to an appropriate court order, American General is subject to multiple litigation and is at a substantial risk of suffering double liability and/or inconsistent rulings as to its liability for the Annuity payments.

21. American General neither has, nor claims, any interest in the Annuity Payments, which American General has, at all times, been willing to deliver to the person or persons entitled to same.

22. American General has in no way colluded with any of the parties named herein concerning the matters of this case. American General has filed this Complaint in Interpleader of its own free will to avoid multiple liability and unnecessary suits and costs.

23. American General has not unreasonably delayed the filing of this action for interpleader.

24. American General unconditionally offers to, and is ready to deposit the Annuity Payments, as they become due, with the Court Registry. Alternatively, American General offers to deliver the Annuity Payments, as they become due, to the party that is determined to be the appropriate payee by this Court in a subsequent order.

25. American General alleges that it is entitled to interpleader relief

pursuant to Fed. R. Civ. P. 22, and further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

## IV. <u>CONCLUSION</u>

WHEREFORE, PREMISES CONSIDERED, on the basis of the foregoing, American General Life Insurance Company respectfully requests judgment against Defendants as follows:

a. an order interpleading all claims to the Annuity Payments, which American General has unconditionally tendered to the Court and directing American General to deposit the Annuity Payments, as they become due, into the Court's Registry, or in the alternative, declaring which party is entitled to the Annuity Payments;

b. injunctive relief restraining Defendants from instituting or maintaining any additional actions against American General for recovery of the Annuity Payments;

c. an order awarding American General its expenses, costs, and attorneys' fees in connection with this action; and

d. such other and further relief to which American General may be justly entitled.

Dated: December 9, 2021.

Respectfully submitted,

MCDOWELL HETHERINGTON LLP


By: /s/ *Joshua G. Latzman*
    Joshua G. Latzman (P77518)
    1001 Fannin Street, Suite 2700
    Houston, Texas 77002
    Telephone:  713-337-5580
    Facsimile:   713-337-8850
    joshua.latzman@mhllp.com

    -and-

    C. Summer Simmons*
    1000 Ballpark Way, Suite 209
    Arlington, Texas 76011
    Telephone: (817) 635-7300
    Facsimile: (817) 635-7308
    summer.simmons@mhllp.com

    * to be admitted *pro hac vice*

    *Attorneys for Plaintiff American General Life Insurance Company*